## CHARLES T. KIRK v. STATE.

GAMING.    *Code* 1880, § 2851.    *Selling chance in raffle.*

    Section 2851, code 1880, which makes it a misdemeanor to put up any prize to be raffled for, or to sell a lottery-ticket, does not make punishable the selling of a chance in a raffle.

FROM the circuit court of DeSoto county.
HON. JAMES T. FANT, Judge.

The indictment and the evidence upon which the appellant was convicted are stated in the opinion.

*Morgan & Buchanan,* for appellant.

The raffling for the prize is condemned by the statute, not the selling of a chance in a raffle.

*T. M. Miller,* attorney-general, for the state.

The case is clearly within the statute, and is not the case of a sale of lottery-tickets.

COOPER, J., delivered the opinion of the court.

By § 2851 of the code, it is declared that "if any person, in order to raise money for himself or another, shall publicly or privately put up a lottery, to be drawn or adventured for, or any prize or thing to be raffled or played for, or if any person shall sell or expose for sale any lottery-ticket, such person shall be guilty of gaming, and, on conviction," etc. The indictment charges that the defendant did "play at and bet upon, encourage and promote a certain game of chance, called 'raffle,' for money," etc. The proof was that the defendant offered for sale in Mississippi a chance in a raffle to be played in the state of Tennessee, and sold one such chance. It is not made unlawful to encourage or promote "raffling," nor to sell a chance in a raffle. The statute condemns him who puts up, for himself or another, property to be raffled for, but no penalty is declared against him who sells chances in a "raffle." It is otherwise as to lottery-tickets, for the statute expressly so declares.

*Judgment reversed.*